FILED'07 FEB 27 16:41USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYNDA LONGFELLOW, ) | |
| ) | |
| Plaintiff, ) | CV 06-3043-PA |
| ) | |
| v. ) | **FINDINGS OF FACT AND** |
| ) | **CONCLUSIONS OF LAW** |
| JACKSON COUNTY and BERN ) | |
| CASE, ) | |
| ) | |
| Defendants. ) | |

**PANNER, J.**

The jury returned a verdict for Plaintiff Lynda Longfellow on her 42 U.S.C. § 1983 (First Amendment) claim. Plaintiff's state law claim for violation of ORS 659A.203 was then tried to the court. ORS 659A.885. The parties stipulated that the court consider the same evidence heard by the jury. Longfellow withdrew her request for reinstatement and non-economic damages, leaving only her prayer for economic damages.

This court did not simply follow the jury verdict on the federal claim, i.e., issue preclusion.[1] Rather, the court independently evaluated the evidence and applied the law.

---

[1] Because this court has independently reached the same result as the jury, it is not necessary to decide whether the court would be bound by any specific findings the jury made. Cf. Miller v. Fairchild Industries, Inc., 885 F.2d 498, 507 (9th Cir. 1989); Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959).

Page 1 -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

Consequently, the verdict on the state law claim is independent of the verdict on the federal claim, except insofar as any rulings--such as admissibility of evidence--may have affected both claims. The following are my findings of fact and conclusions of law.

The elements of the state law claim are not identical to the federal claim. The principal difference is the nature of the protected speech. See ORS 659A.203; Bjurstrom v. Oregon Lottery, 202 Or. App. 162 (2005). With certain exceptions not applicable here, ORS 659A.203 makes it an unlawful employment practice for a public employer to:

> (b) * * * [T]ake or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>
> > (A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision;
> >
> > (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision; * * * *

Protected disclosures include both disclosure to an outside entity, and also disclosure within the agency, such as complaints to a supervisor. Bjurstrom, 202 Or. App. at 169-70.

In Bjurstrom, the Oregon Court of Appeals examined what the Legislature intended by the word "mismanagement." To merit protection under the statute, "mismanagement" must be significant, something of public concern that undermines the agency's ability to perform its mission. The legislature did not intend to immunize "complaints about lawful, legitimate policy

Page 2 -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

choices or actions of little or no importance to anybody but the whistleblower, in which case the statute becomes not just a mechanism of good government but a shield for malcontents." <u>Id.</u>, 202 Or. App. at 171.  <u>See also</u> <u>id.</u> at 172 (protected disclosures "do not include routine complaints about policies that employees must implement or practices that employees do not like").

"[T]erminating an employee because his complaints are irritating or because they might disrupt the structure of a hierarchical workplace does not violate Oregon's Whistleblower Law unless the complaints disclose what are reasonably believed to be unlawful practices or policies, mismanagement, gross waste of funds or abuse of authority, or substantial and specific danger to public health and safety." <u>Id.</u> at 175.

Defendants suggest that <u>Bjurstrom</u> not only established a high standard for what constitutes "mismanagement," but by implication set a high standard for what constitutes "[a] violation of any federal or state law, rule or regulation by the state, agency or political subdivision."  I disagree.  <u>Bjurstrom</u> specifically notes that none of the employee's complaints involved a violation of rules or laws.  <u>Id.</u> at 173.  In addition, the word "mismanagement" was ambiguous, requiring interpretation. Defendant points to no ambiguity in the words "[a] violation of any federal or state law, rule or regulation . . . ," at least in the context of this case.

Turning to the case at bar, there may be room to quibble whether particular documents were, in isolation, protected speech.  Certainly her complaints about a co-worker's personal hygiene, or her own wages, do not implicate the kinds of concerns

Page 3 -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

the statute was intended to protect.

Nevertheless, the totality of the evidence demonstrates that Plaintiff's persistent--even annoying--complaints regarding alleged security lapses and violations of statutes, rules, or regulations, were a substantial motivating factor in the decision to terminate her employment.

Defendant has not shown it would have terminated Plaintiff anyway for other reasons. Defendant concedes the letters from Longfellow precipitated her termination, but contends those letters caused airport officials to conclude Longfellow had withheld information, which then allegedly furnished a permissible basis for termination. This explanation is just a little too clever. The jury was not persuaded. Neither am I.

## Conclusion

I find for plaintiff on her claim for violation of ORS 659A.403, and award her $4,853.30, which the parties agree is the amount of her economic damages. Plaintiff also is entitled to recover reasonable attorney fees and costs.

IT IS SO ORDERED

DATED this 27 day of February, 2007.

_____
Owen M. Panner
United States District Judge

Page 4 -- FINDINGS OF FACT AND CONCLUSIONS OF LAW