FILED'07 FEB 28 17:23 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LYNDA LONGFELLOW, | ) | |
| | ) | |
| Plaintiff, | ) | CV 06-3043-PA |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **ON DEFENDANTS' MOTION FOR** |
| JACKSON COUNTY and BERN CASE, | ) | **NEW TRIAL OR REMITTITUR** |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

The jury found for Plaintiff Lynda Longfellow on her 42 U.S.C. § 1983 claim (violation of First Amendment rights) and awarded her $4,853.30 in economic damages and $360,000 in non-economic damages. Defendants seek a new trial on the issue of non-economic damages, unless Plaintiff accepts a remittitur.

### Legal Standard

If the court, after viewing the evidence concerning damages in the light most favorable to the prevailing party, determines a damages award is excessive, the court must order a new trial unless the plaintiff agrees to a remittitur of damages. <u>Fenner v. Dependable Trucking Co., Inc.</u>, 716 F.2d 598, 603 (9th Cir. 1983). <u>See also</u> <u>Dunn v. Owens-Corning Fiberglass</u>, 774 F. Supp. 929, 938 (D. V.I. 1991) (subsequent history omitted) (remittitur appropriate when damage award is both shocking and not reasonably

Page 1 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

related to evidence produced regarding plaintiff's injuries).

Conversely, though an award may be high, it should stand if there is sufficient evidence to justify it. Levin v. Trans World Airlines, Inc., 201 F. Supp. 791, 796 (D. Pa. 1962). The court may not arbitrarily substitute its own judgment for that of the jury. Id.

If the trial court grants a remittitur, the damages may be reduced only to the upper limit of what a jury reasonably could award. D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co., 692 F.2d 1245, 1249 (9th Cir. 1982).

## Discussion

### A. Arguments Rejected by the Court

At the outset, I reject several arguments asserted by the respective parties. I will not consider evidence about what a juror allegedly said to an attorney, after the jury was discharged, regarding the method the jury used to compute damages or the reasons underlying the verdict. A juror may not testify about matters intrinsic to the verdict. See United States v. 4.0 Acres of Land, 175 F.3d 1133, 1140 (9th Cir. 1999).

I decline to adopt Defendants' theory regarding the proper ratio between economic and non-economic damages. The Supreme Court has begun evaluating punitive damage awards by comparing that award to the total compensatory damages awarded. The latter figure roughly approximates the harm inflicted. See State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408, 425-26 (2003).

This methodology is unsuitable for computing non-economic damages. Injuries justifying a large award of non-economic

Page 2 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

damages, such as permanent disfigurement and severe pain, are not always accompanied by commensurate economic harm. A further flaw in Defendants' proposed methodology is that the pain and suffering of a person working for minimum wage would be valued far below the pain and suffering of a rich man, though both sustain the identical injury. Defendants cite no federal cases employing this mode of analysis.[1]

I am not persuaded by Plaintiff's argument that the Ninth Circuit no longer permits a trial court to remit an award of damages for emotional distress. Nor do I read <u>Passantino v. Johnson & Johnson Consumer Products, Inc.</u>, 212 F.3d 493 (9th Cir. 2000), as establishing a categorical rule that any award of emotional distress damages under $1 million is reasonable and exempt from remittitur.[2]

I reject Plaintiff's contention that emotional distress awards are inherently subjective, and thus not a proper subject for remittitur. The range of a permissible award may be greater than for objectively determinable damages, but the jury does not have unbridled discretion. As the jury was instructed at trial:

> The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable.

---

[1] Plaintiff's motion to strike the excerpts from Jury Verdicts Northwest is denied as moot. Those documents were offered in connection with the ratio methodology, but the court has now declined to follow that method.

[2] <u>Passantino</u> applied Washington law on this issue, and the panel deferred to the trial judge's assessment that the evidence supported the award. <u>Passantino</u> also involved three or four years of retaliation, not just a termination. The wealth of the defendant corporation may also have been an unspoken consideration.

Page 3 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

Plaintiff also engages in a battle of the adjectives, on whether the award must be "grotesque" or "shocking" or "grossly excessive" as opposed to merely "astonishing" or "excessive." The choice of adjective is not determinative. Cf. Fenner, 716 F.2d at 603 (an "excessive" award warrants remittitur).

Rather, the court must consider all of the evidence, in the light most favorable to the Plaintiff, and decide whether $360,000 in non-economic damages is within the range a jury reasonably could award consistent with the instructions given to that jury.

B.  **Whether the Damage Award is Within the Permissible Range**

Plaintiff was temporarily humiliated by being fired and called a liar, but the jury has now exonerated her. She worried that she might be without health insurance coverage. She experienced some anxiety and panic attacks after losing her job, and was upset and despondent for a short time, but soon found other employment and regained her equilibrium. Any injuries were comparatively mild and transient, with no long-term damage.

Of Plaintiff's sessions with Dr. Davol, eight were pre-termination: seven sessions from December 2004 through February 2005, and one in June 2005. Plaintiff may not recover damages for distress incurred pre-termination. Her claim is for retaliatory termination, and the jury was so instructed.

Plaintiff saw Dr. Davol twice in July 2005, just after she was terminated, at which time she evidenced significant distress. She also saw Dr. Davol once in late August and again in September 2005. On the latter two occasions his chart notes reflect that she was confident and upbeat. She required no additional

Page 4 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

treatment after this. There is no evidence her symptoms were serious enough to require medication or hospitalization. Dr. Davol did not even deem it necessary to obtain a detailed history from his patient.

What Plaintiff experienced was not pleasant, yet on the scale of injuries that come before this court it does not rank especially high. I see no unusually egregious facts here, either in the termination or its effect on the Plaintiff. She was employed at the airport for just a short time. This is not a case where a plaintiff devoted her working life to the company, only to be callously shown the door, or had her career destroyed. Nor did Plaintiff have her reputation dragged through the mud on television talk shows, or become an object of ridicule on the Internet. Any humiliation she experienced was very localized and short-term. Plaintiff did worry for a time about financial matters, but she persevered and overcame any adversity.

The amount awarded by the jury must bear a reasonable relationship to the injuries sustained. The evidence in this case does not come anywhere close to supporting an award of $360,000 for emotional distress.

The purpose of compensatory damages is not punishment, but to make the plaintiff whole.³ Given the great disparity between

---

   ³ To be sure, the line between non-economic damages and punitive damages is not always bright. Cf. State Farm, 538 U.S. at 426, quoting RESTATEMENT (SECOND) OF TORTS § 908, Comment c, p. 466 (1977) ("In many cases in which compensatory damages include an amount for emotional distress, such as humiliation or indignation aroused by defendant's act, there is no clear line of demarcation between punishment and compensation and a verdict for a specified amount frequently includes elements of both.")

   The court also recognizes that juries sometimes are generous in awarding non-economic damages because they want to ensure the

Page 5 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

the amount awarded and the injuries sustained, it seems very likely that the jury silently went beyond merely compensating the plaintiff, and improperly assessed punitive damages against the county. Frequent references were made during trial to the events of September 11, 2001. The jury was told that the hijackers had embarked from a small airport not unlike the one in Medford. It was implied, throughout the trial, that airport management was callously exposing the jurors and their families to attack by terrorists, while ruthlessly silencing any patriotic employee who challenged those practices.

The court also was troubled by testimony regarding Plaintiff's prior bout with cancer, and her fears of it returning. There is a significant risk that the jury might award damages out of sympathy.

After considering all the evidence, and with the benefit of many years of presiding over jury trials, I conclude that the maximum award sustainable is $60,000 in non-economic damages, plus the economic damages that the jury awarded Plaintiff for lost wages and benefits.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

plaintiff is not saddled with paying attorney fees and costs. Longfellow will receive statutory fees and costs in addition to any damage award, so any such padding would be a windfall.

Page 6 -- OPINION AND ORDER ON MOTION FOR NEW TRIAL OR REMITTITUR

## Conclusion

Defendants' Motion (# 55) for New Trial or Remittitur is granted. Plaintiff has until March 12, 2007, to inform the court whether she will accept a remittitur of the non-economic damages award to $60,000. If Plaintiff declines to accept the remittitur, the court will order a new trial on the issue of damages. Defendant's motion to strike (# 58-2) denied as moot.

IT IS SO ORDERED

DATED this 28 day of February, 2007.

                                        _/s/ Owen M. Panner_
                                        Owen M. Panner
                                        United States District Judge