IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LYNDA LONGFELLOW, | ) | |
| | ) | |
| Plaintiff, | ) | CV 06-3043-PA |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **REGARDING ATTORNEY FEES** |
| JACKSON COUNTY, | ) | **AND COSTS** |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

A jury found for Plaintiff Lynda Longfellow on her 42 U.S.C. § 1983 claim (violation of First Amendment rights) and awarded her $4,853.30 in economic damages and $360,000 in non-economic damages. The court ordered a new trial unless Plaintiff accepted a remittitur to $60,000 on the non-economic damages. Plaintiff declined that offer. At the second trial, the jury awarded Plaintiff $40,000 in non-economic damages. The parties also stipulated that her economic damages were $4,853.30. Plaintiff's parallel state law claim was tried to the court, which awarded her the same $4,853.30 in economic damages. Both sides have appealed.

1 - OPINION AND ORDER REGARDING ATTORNEY FEES AND COSTS

Before the court now is Plaintiff's petition for reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988 (on her federal law claim), ORS 659A.885(1) (on Plaintiff's state law claim), and 28 U.S.C. § 1920.  Plaintiff requests $72,325 in attorney fees, and $2,616.13 in costs for work in this case. Defendant raises three objections.[1]

**A.   Hourly Rate**

Plaintiff seeks $250 an hour for services performed by attorney Thad Guyer, and $175 an hour for attorney Stephani Ayers.  Defendant does not contest the hourly rate for Ayers, but contends Guyer should be compensated at $200 an hour.

Guyer has 29 years experience litigating employment cases. He represented his client in a capable and efficient manner.  Had this case been tried in Portland, Seattle, or many other locations, Guyer would have little difficulty justifying the rate of $250 an hour requested here.  This case was tried in Southwestern Oregon, though, where hourly rates are somewhat below that of the major metropolitan areas.  On the other hand, the disparity between Portland and Southwestern Oregon is not as great as in years past.  The Medford-Ashland region, in particular, is growing rapidly.  The cost of many items, from homes to legal services, has grown with it.

---

[1] As was their practice throughout this litigation, the attorneys have zeroed in on the most important issues, and not wasted the court's time and client funds arguing over trivial points.

2 - OPINION AND ORDER REGARDING ATTORNEY FEES AND COSTS

After considering a range of factors, including but not limited to the rates in the community, skill of the attorney, quality of the services rendered, and degree of complexity (or simplicity) of the litigation, I find a reasonable rate for Guyer in this matter is $225 per hour.

**B.    Second Chairing**

Defendant objects to compensating Ayers for work at trial, reasoning that only one attorney was needed.  Under the circumstances here, the objection is overruled.  Ayers was not a mere spectator at trial.  She made important contributions to the presentation of Plaintiff's case, conducting the direct examination of the Plaintiff and several other witnesses, and making her share of the jury arguments.  In a multi-day trial, dividing labor also facilitated preparation for the next day's proceedings.  Ayers' familiarity with the testimony and other events at trial benefitted Plaintiff again when it was time to brief and argue the post-trial motions.  In addition, any time Ayers spent preparing witnesses was billed at her lower rate, which helps to minimize total cost.

Defendant also objects to compensating Ayers for second-chairing at depositions.  That objection is overruled.  Plaintiff asserts--and Defendant does not deny--that Defendant produced about 1200 pages of documents at the start of the deposition. While Guyer was asking questions of the witnesses, Ayers was sorting and organizing those documents, and furnishing the

relevant ones to Guyer.  That work needed to be done anyway, and in a hurry.

**C.  Rule 68 Offer**

Defendant made a Rule 68 Offer prior to the second trial:

> Defendants hereby offer judgment under FRCP 68 in the amount of $80,000 exclusive of attorney fees. Acceptance of this offer would result in a judgment against defendants in that amount plus whatever attorney fees and costs plaintiff is awarded by the trial court.  If this offer is accepted, the parties would agree that neither liability nor damages would be subject to appeal. The parties would be free to appeal only the amount of any attorney fees and costs awarded to any party.

Plaintiff asserts the offer wasn't properly served, because it was transmitted via e-mail.  Every communication between the parties in this case was in electronic format.  Plaintiff's counsel does not deny timely receiving the Rule 68 Offer.  The Offer was written (albeit in electronic format), not oral.  This objection is overruled.

Next, Plaintiff cites 12 Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE: CIVIL § 3002 (1997 & 2007 supp.) for the proposition that Rule 68 requires an offer not just to settle the case, but for entry of judgment against the defendant.  Plaintiff contends the Offer by Defendant here was in the nature of an offer to settle.  I disagree.

The concern expressed by Wright & Miller was that the end result of a Rule 68 Offer be an enforceable judgment, not just a

4 - OPINION AND ORDER REGARDING ATTORNEY FEES AND COSTS

settlement agreement which may then require further litigation to enforce. Id., p. 90. The Offer here satisfies that standard.

The more serious questions Plaintiff raises are (1) whether this was an "unconditional" offer and (2) whether Plaintiff fared better at trial than the offer.

The verdict in the second trial was $40,000 in non-economic damages. The parties also stipulated her economic damages were $4,853.30. Since Defendant's Rule 68 Offer was for $80,000 plus accrued attorney fees and costs, the recovery at trial was less than the amount of the Rule 68 Offer.

Plaintiff argues that the Rule 68 Offer was invalid because it was "conditioned" on Plaintiff abandoning her right to appeal this court's order setting aside the first jury's award of $360,000 in non-economic damages. Defendant counters that this was not a "condition." Rather, the Offer simply recited the consequences that necessarily flow from acceptance of the Offer of Judgment. If Plaintiff agreed to entry of judgment for $80,000 plus attorney fees, this action would end. Plaintiff could not accept the offer of $80,000, but then turn around and ask the Ninth Circuit to award her $360,000 instead of $80,000, on the very same claim.

Defendant's view is correct, notwithstanding the wordy phrasing of the Rule 68 Offer. There may be circumstances--involving multiple claims or parties--where a Rule 68 Offer could properly be confined to an offer of judgment on one claim or

5 - OPINION AND ORDER REGARDING ATTORNEY FEES AND COSTS

party, while the action was expressly permitted to continue as to certain other claims or parties.[2]  I need not decide that question today.  Even assuming there are such circumstances, this case is not one of them.

Plaintiff next argues that,

> [B]y conditioning the offer of judgment on a non-monetary term, especially one that by definition cannot be obtained by going to trial because no district court can enter a non-appealable judgment, the Defendants eviscerated the central working of Rule 68 -- i.e., the comparative measurement of what was offered with what Plaintiff achieved at trial.

Plaintiff reasons that, by going to trial, she recovered $44,853.30, plus she retained the right to ask the Ninth Circuit to reinstate the original verdict.

Regarding the "non-appealable judgment" argument, it is elementary that a party who accepts an offer of judgment cannot turn around and appeal that same judgment.  The only unusual aspect here is that the Rule 68 Offer explicitly states this effect, lest there be any misapprehension regarding the effect of accepting the offer.

Plaintiff's other argument--that she fared better at trial by retaining the right to appeal--at first seems plausible.  The

---

[2] One possible scenario is discussed, in dictum, in Willis v. Bell, 784 F. Supp. 1360, 1363 n.6 (N.D. Ill. 1992), *reversed on other grounds sub nom.* Willis v. City of Chicago, 999 F.2d 283 (7th Cir. 1993).  The court observed that, except when carefully crafted in such manner, acceptance of a Rule 68 offer ordinarily means surrendering the right to appeal any adverse interlocutory rulings.

6 - OPINION AND ORDER REGARDING ATTORNEY FEES AND COSTS

right to an appeal, which conceivably could result in a judgment for $364,853.30 rather than $80,000.00, has some monetary value.

However, the right to appeal an adverse interlocutory ruling is present in many cases. For instance, by accepting a Rule 68 offer of judgment, a plaintiff ordinarily loses the right to appeal adverse pretrial rulings limiting the scope of the evidence that would have been admitted at trial. The plaintiff must choose between accepting the Rule 68 offer, or taking his chances at trial and, ultimately, on winning any appeal.

A similar situation transpired here. Plaintiff rejected an offer to settle for $80,000 plus attorney fees, and elected to take her chances at a second trial and on winning her appeal. For the moment, that gamble has not gone well for her. The result of the second trial was disappointing. In addition, her rejection of the Rule 68 Offer now precludes her from recovering attorney fees and costs for the second trial,[3] though she is entitled to recover the reasonable attorney fees and costs incurred prior to then. Whether Plaintiff's gamble eventually will pay off remains to be seen. These are the difficult choices that lawyers, and Plaintiffs, must often make.

/ / / /

---

[3] Plaintiff may, of course, appeal the fee award. If the Ninth Circuit decides I erred in setting aside the original verdict, set the remittitur too low, or committed some grievous error during the second trial, the Circuit could also vacate this court's ruling on attorney fees and remand for further consideration. Cf. Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 826 (9th Cir. 2001).

## Conclusion

Defendant's Objections (# 110) to Plaintiff's Motion (# 104) for Attorney Fees are sustained in part and overruled in part. Plaintiff is awarded $53,650 in attorney fees --$37,462.50 for services performed by Guyer, and $16,187.50 for services by Ayers--for work done prior to the Rule 68 Offer cutoff.

Costs (# 105) are taxed in favor of Plaintiff in the sum of $2,616.13.

IT IS SO ORDERED.

DATED this 5th day of July, 2007.

/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT JUDGE